**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| ROY LEE FONTENOT, | § | |
| (TDCJ-CID #395838) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-3722 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Roy Lee Fontenot, seeks habeas corpus relief under 28 U.S.C. § 2254. The threshold issue is whether this petition is subject to dismissal as successive. For the reasons discussed below, the court finds that this petition should be dismissed for lack of jurisdiction.

**I.     Background**

Fontenot challenges a conviction for aggravated robbery in the 183rd Judicial District Court of Harris County, Texas. On-line research reveals that Fontenot is currently serving a life sentence for aggravated robbery in Cause Number 421080. On June 21, 2000, Fontenot filed a federal petition for a writ of habeas corpus, Civil Action Number 4:00-2119, collaterally attacking his conviction for aggravated robbery. On July 21, 2001, this court granted the respondent's motion for summary judgment and dismissed the petition as barred by limitations.

In the instant federal petition filed on December 18, 2013, Fontenot challenges the same conviction for aggravated robbery.

## II.     Discussion

A district court may raise on its own the issue of whether a habeas corpus petition is successive. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997).  The federal court dismissed Fontenot's earlier federal petition, Civil Action Number 4:00-2119, as time-barred.

In *Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003), the Second Circuit considered the issue of whether a dismissal as time-barred constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions.  That court explained:

> As with habeas petitions that are denied as procedurally barred or pursuant to *Stone,* the dismissal of a § 2255 petition as untimely under AEDPA presents a "permanent and incurable" bar to federal review of the merits of the claim. The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.

*Id.* at 61.

In *In re Flowers*, 595 F.3d 204 (5th Cir. 2009), the Fifth Circuit reasoned as follows:

> Flowers argues that he need not obtain authorization to file a second § 2254 application attacking his conviction because his first § 2254 application was dismissed as time barred. Because the claims Flowers raises in his proposed § 2254 application were or could have been raised in his first § 2254 application, which was filed in 1998 and later that year was dismissed as time-barred under section 2244(d)(1)(A) (and as to which dismissal we and the district court denied a certificate of appealability), the instant application is successive. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045-46 (5th Cir. 1989); *In re Pope*, No. 08-50957 (5th Cir. Dec. 3, 2008). *See also Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003).

*Id.* at 205.

This court lacks jurisdiction to consider Fontenot's petition as it is a "successive" application governed by 28 U.S.C. § 2244(b)(3)(A) (1998), which requires that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court.  The statute states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Before Fontenot can file a second or successive application in this court, he must file a motion for an order authorizing this court to consider his successive application in the United States Court of Appeals for the Fifth Circuit.  There is no indication that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Fontenot's successive application.  This court lacks jurisdiction to consider Fontenot's habeas claims.  Fontenot's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction.

## III.    Conclusion

Fontenot's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction.  Fontenot's motion for authorization to file a successive petition, (Docket Entry No. 3), is DENIED.  All remaining pending motions are DENIED as moot.

No Certificate of Appealability will issue.  The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right.  *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).  When, as here, the district court denies a habeas petition on

procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should not issue unless the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Fontenot has not made the necessary showing. A Certificate of Appealability is denied.

SIGNED at Houston, Texas, on _____Jan 5_____, 2014.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE